UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINALDO RODRIGUEZ BOSCH,

      Petitioner,

    v.

SECRETARY MARKWAYNE
MULLIN, *et al.*,

      Respondents.

Case No. 2:26-cv-2004-KCD-NPM

_____/

## **ORDER**

Petitioner Reinaldo Rodriguez Bosch has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued custody violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). This is Bosch's second petition. Last month, the Court denied habeas relief because, although the presumptively reasonable six-month period set forth in *Zadvydas* had passed, Bosch had refused removal to Mexico, so the time was tolled. *See Bosch v. ICE*, No. 2:26-cv-1331-KCD-NPM. The Court concluded that Bosch could refile his petition should he cooperate and show that there is no significant likelihood of removal. Bosch's new petition alleges that he cooperated with his removal, but Mexico refused to admit him. (Doc. 1 at 9-

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

10.) Bosch requests an evidentiary hearing to present evidence about the removal attempts. (*Id.* at 11-12.) He also offers a letter from his psychiatrist, stating that he suffers from psychiatric disorders. (Doc. 1-2.)

The Government has responded, offering a sworn declaration from a deportation officer stating that Bosch has twice refused removal at the border. In January 2026, he became combative and aggressive and refused to cooperate with removal to Mexico. And in May 2026, he refused to get off the bus. (Doc. 8-2.)[2] Because Bosch's filings do not present admissible evidence capable of disturbing the administrative record, the petition is **DENIED**.

ICE took Bosch into custody on October 27, 2025, which is beyond six months. But he has since refused removal to Mexico, which tolls the detention period. (Doc. 8-2); *see Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (stating that "removal period shall be extended ... if the alien ... acts to prevent the alien's removal subject to an order of removal"). Under 8 U.S.C. § 1231(a)(1)(C), the removal clock stops ticking if an alien refuses to cooperate in obtaining travel documents. It also tolls if the alien "conspires or acts to prevent [his] removal." *Id.* Common sense (and the Eleventh Circuit) tells us that a person cannot actively thwart his own deportation and then use the resulting delay to demand his freedom. Whether by stubbornly

---

[2] The Government relies on the same deportation officer's declaration that was filed in the first case. (Doc. 8-2.) The Court will consider the declaration since it is uncontested (or even mentioned) by Bosch.

2

withholding a signature on a required form or by affirmatively taking steps to sabotage the government's efforts, an alien who engineers his own prolonged detention cannot turn around and complain about it. The law does not reward that kind of gamesmanship. *See Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

To warrant the extraordinary remedy of an evidentiary hearing, a habeas petitioner must proffer specific, admissible facts—not bare conclusions or unsworn assertions. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002). In his response, instead of actual evidence, Bosch relies on allegations from his lawyer. (Doc. 1 at 9-10.) This is textbook hearsay. It has been over a month since this compliance dispute first crystallized, giving Bosch ample time to gather and submit a sworn statement, a witness declaration, or any shred of actual proof. Yet the record on his side remains entirely bare. The Court declines to conjure a material factual dispute out of an attorney's unsworn assertions. An attorney's narrative cannot substitute for a sworn declaration from an individual with personal knowledge in this context. *See, e.g.*, *Hayden v. United States*, 814 F.2d 888, 892 (2d Cir. 1987).

Contrast Bosch's empty ledger with what the Government offers: an official agency record and a sworn declaration from Deportation Officer Ivan

Astacio. According to this evidence, in January 2026, Bosch became combative and aggressive, refusing to cooperate with removal to Mexico. And in May 2026, he refused to get off the bus. (Docs. 8-1, 8-2.) Official government actions and administrative records carry a "presumption of regularity." *United States v. Chem. Found.*, 272 U.S. 1, 14 (1926). In the absence of clear, contradictory evidence, courts presume that public officers have properly discharged their duties. *See, e.g.*, *United States v. Bode*, No. 20-22663-CIV, 2021 WL 6926417, at *7 (S.D. Fla. Jan. 25, 2021). An unsworn, second-hand account will not pierce that presumption here. *Cf. Olivera v. Mordant*, No. 2:26-CV-547-KCD-NPM, 2026 WL 1109406, at *5 (M.D. Fla. Apr. 24, 2026).

At bottom, Bosch asks the Court to find the Government in noncompliance, disturb the status quo, and open the jailhouse doors based on nothing more than an attorney's argument. He claims his detention violates the Fifth Amendment, yet his refusal to cooperate with ICE is the very roadblock keeping him in custody.[3] Because Bosch has failed to present any admissible proof to dispute his refusal at the border, the Petition is

---

[3] The Immigration and Nationality Act does not leave an individual without recourse if he objects to his designated destination. The statute provides a framework for contesting removal to a specific third country. *See* 8 U.S.C. § 1231(b). But nowhere in his petition does Bosch allege—let alone offer evidence to show—that he has formally challenged his proposed removal to Mexico. Instead, he has apparently dug in his heels and refused to physically depart the United States. Because it seems he bypassed the proper legal channels for contesting his destination, the Court accepts he is legally subject to removal to Mexico.

**DENIED**. But the denial is **without prejudice** to Bosch refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 26, 2026.

Kyle C. Dudek
United States District Judge